DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036
(212) 692-1000

Attorneys for Defendant/ Counterclaim Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

BORN TO ROCK DESIGN INC.                    :

                            Plaintiff,   :   Civil Action No. 07-CV-6193
                                       (JGK)(THK)
      -against-                             :
                                              ECF CASE
BIGTIME TV, LTD.                            :

                            Defendant.   :

-----------------------------------------------------------X

## ANSWER AND COUNTERCLAIM

Defendant BigTime TV, Ltd. ("BigTime"), by its undersigned attorneys, Duane Morris LLP, hereby answers the complaint filed in Civil Action No. 07 CV 6193 (the "Complaint"), by plaintiff Born to Rock Design, Inc. ("BTR"), and assert a Counterclaim against BTR as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies same.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore denies same.

    3.    Denies the allegations set forth in the first sentence of paragraph 3 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint, and therefore denies same.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies same.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies same.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies same.

7. Denies that the <u>Blue Book of Guitars</u> and the <u>Music Trades Directory</u> are distributed all over the world. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and therefore denies same.

8. Admits the allegations set forth in the first sentence of paragraph 8 of the Complaint. Denies the allegations set forth in the second sentence of paragraph 8 of the Complaint.

9. Denies the allegations set forth in the first sentence of paragraph 9 of the Complaint. Admits that Plaintiff requested that Defendant cease and desist from using BORN TO ROCK. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the second sentence of paragraph 9 of the Complaint, and therefore denies same.

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. Denies the allegations set forth in the first sentence of paragraph 11 of the Complaint. Admits that an auction was originally planned for Harrods. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the

second sentence of paragraph 11 of the Complaint, and therefore denies same. Denies the remaining allegations set forth in paragraph 11 of the Complaint.

12.   Admits that part of the proceeds from Defendant's auction went to charities. Denies knowledge or information sufficient to form a belief as to whether these charities have offices within the United States. Denies the remaining allegations set forth in paragraph 12 of the Complaint.

13.   Denies the allegations set forth in paragraph 13 of the Complaint.

14.   Denies the allegations set forth in paragraph 14 of the Complaint.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 15 of the Complaint, and therefore denies same. Denies the allegations set forth in the second sentence of paragraph 15 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 15 of the Complaint, and therefore denies same.

16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies same.

17.   Denies the allegations set forth in paragraph 17 of the Complaint.

18.   Denies the allegations set forth in paragraph 18 of the Complaint.

19.   Denies the allegations set forth in paragraph 19 of the Complaint.

20.   Denies the allegations set forth in paragraph 20 of the Complaint.

21.   Denies the allegations set forth in paragraph 21 of the Complaint.

22.   Denies the allegations set forth in the first sentence of paragraph 22 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in the second sentence of paragraph 22 of the Complaint, and therefore denies same.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 23 of the Complaint, and therefore denies same. Denies the allegations set forth in the second sentence of paragraph 23 of the Complaint.

24.     Denies the allegations set forth in paragraph 24 of the Complaint.

25.     Denies the allegations set forth in paragraph 25 of the Complaint.

## COUNT I

26.     Admits that paragraph 26 purports to repeat and reallege allegations.

27.     Denies the allegations set forth in paragraph 27 of the Complaint.

28.     Denies the allegations set forth in paragraph 28 of the Complaint.

## COUNT II

29.     Admits that paragraph 29 purports to repeat and reallege allegations.

30.     Denies the allegations set forth in paragraph 30 of the Complaint.

31.     Denies the allegations set forth in paragraph 31 of the Complaint.

Defendant denies each and every provision of the "WHEREFORE" clause and denies all other allegations not admitted above.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's claims are barred because the Lanham Act does not have jurisdiction over the Defendant's purportedly infringing activities, all of which were conducted by a foreign defendant outside of the United States.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred because this court does not have personal jurisdiction over the Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims under Count II of the Complaint are barred because Plaintiff is not the owner of United States Trademark Registration No. 1,846,682.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred because Defendant has priority rights to the use of the BORN TO ROCK trademark in the United Kingdom—where the complained of acts occurred.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred for failure to state a claim upon which relief may be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred because Plaintiff's trademark BORN TO ROCK is generic and cannot serve the source identification function of a trademark in connection with "electric guitars"—the goods cited in Plaintiff's United States Trademark Registration No. 1,846,682.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims fail on the grounds that Plaintiff has not sustained any injury or damages as a result of any act or conduct by Defendant.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff BigTime TV, Ltd. ("BigTime") brings the following Counterclaim against Plaintiff/Counterclaim Defendant Born To Rock Design, Inc. ("BTR") and hereby avers as follows:

### JURISDICTION AND VENUE

1.  The Counterclaim arises under the Declaratory Judgments Act, Title 28 of the United States Code §§ 2201 and 2202, and Title 28 of the United States Code § 1338 based upon an actual justiciable controversy as to the infringement, validity, and enforceability of the trademarks. This Court also has supplemental jurisdiction over the Counterclaim under 28 U.S.C. § 1367(a) as the Counterclaim is so related to Plaintiff's claims over which the Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

2.  Venue in this judicial district is proper under Title 28 of the United States Code §§ 1391.

### THE PARTIES

3.  BigTime TV, Ltd. ("BigTime") is a limited liability company organized and existing under the laws of the United Kingdom with an office at Grampian House, Meridian Gate, 205 Marsh Wall, London, E14 9YT England.

4.  Born To Rock Design, Inc. ("BTR") is a corporation organized and existing under the laws of the State of New York with an office at 470 West End Avenue 8A, New York, N.Y. 10024-4933.

## CAUSE OF ACTION

### Cancellation of the Plaintiff's Trademark Registration Pursuant To 15 U.S.C. § 1064

5.     BTR has improperly obtained United States Trademark Registration No. 1,846,682 in international class 15 for "electric guitars."

6.     BTR has alleged claims for "false designation of origin and false descriptions and representations" and "trademark infringement and unfair competition" under the Lanham Act based upon purported trademark rights existing in the designation BORN TO ROCK.

7.     The term BORN TO ROCK when used in connection with electric guitars is generic. Accordingly, Plaintiff's use of the term BORN TO ROCK in connection with its electric guitars cannot serve the source identification function of a trademark in the minds of the consuming public.

8.     Furthermore, upon information and belief, Counterclaim Defendant BTR has not sold guitars bearing BORN TO ROCK in sufficient commercial quantities to constitute bona fide use in commerce under the Lanham Act.

9.     United States Trademark Registration No. 1,846,682 is invalid.

10.    Counterclaim Plaintiff BigTime believes that it will be damaged by the continued registration of the BORN TO ROCK and hereby seeks an Order canceling United States Trademark Registration No. 1,846,682.

**WHEREFORE**, for all the foregoing reasons, Counterclaim Plaintiff BigTime demands judgment as follows:

1.     Dismissing the Complaint in its entirety with prejudice;

2.      Ordering the cancellation of United States Trademark Registration Number 1,846,682 and that the Court certify this decree to the United States Patent and Trademark Office, which shall record the cancellation in the records of the United States Patent and Trademark Office;

3.      Awarding the Counterclaim Plaintiff BigTime its costs and disbursements of this action;

4.      Awarding Counterclaim Plaintiff BigTime its attorneys' fees; and

5.      Granting the Counterclaim Plaintiff BigTime such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DUANE MORRIS LLP

Dated:   November 27, 2007         By: _____

Gregory P. Gulia
Vanessa Hew
1540 Broadway
New York, New York  10168
(212) 692-1000

Attorneys for Defendant/Counterclaim Plaintiff
BigTime TV, Ltd.

DM1\1230700.1

8

CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2007, Defendant/Counterclaim Plaintiff BigTime TV, Ltd.'s Answer and Counterclaim was filed with the Clerk of the Court via ECF and served in accordance with Southern District's Rules on Electronic Service upon the following:

Robert M. Kunstadt
Ilaria Maggioni
R. KUNSTADT, P.C.
729 Seventh Avenue
New York, N.Y. 10019

By: _____
Vanessa C. Hew

DM1\1230700.1