UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BORN TO ROCK DESIGN INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>BIGTIME TV, LTD.,<br><br>    Defendant. | REPORT RE DISCOVERY PLAN<br>PURSUANT TO RULE 26(f)<br><br>Civil Action No. 07-CV-6193<br>(JGK) (THK)<br>ECF Case |

Born To Rock Design Incorporated ("BTR"), through its attorneys, submits this report and plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, in advance of the pretrial conference set for JANUARY 24, 2008 at 3:30 PM (by the Court via telephone to BTR's counsel on January 8, 2008).

On January 10th, BTR provided a draft Joint Report Re Discovery Plan to Defendant BigTime TV, Ltd. ("BigTime"). BigTime did not answer or propose revisions. After follow-up email of January 14th and voicemails of January 11th, 14th and 15th, BigTime's counsel, Vanessa Hew, Esq. called on January 15th to request a 30-day extension of the deadline to submit a Joint Report and adjournment of the conference scheduled by the Court. Ms. Hew stated that BigTime claims to be in liquidation proceedings in the U.K. Despite BTR's

request, BigTime did not provide any further response or information.

However, BTR's independent search of the Internet on January 15th revealed a published statement dated November 28th by BigTime's director Mr. Ian Spero. It gives notice to creditors that Mr. Spero intends to continue to use the same company name (BIGTIME TV LIMITED, in insolvent liquidation) for another entity "in connection with, or for the purposes of, the carrying on of the whole or substantially the whole of the business of the above-named Company under the name of Bigtime TV Holdings Limited".[1]  Hence, it now appears there are two companies having almost the same name and that Mr. Spero is folding one company into another and will continue to carry on the very same business as "Bigtime TV Holdings Limited". **The infringing website www.BornToRock.tv is still operating the same as ever.** Whatever corporate-restructuring proceedings are underway in the UK (perhaps in a misguided effort to evade financial responsibility), will not resolve the controversy and do not constitute reasons for delay.

Any doubt as to defendant's exact corporate name was caused by defendant itself, who already before has traded under variations in name (with and without the word "Holdings"). For example, Defendant's website gives its name as

---

[1] Upon learning of Mr. Spero's online notice, BTR's principal Mr. Kunstadt wrote to the U.K. liquidator Mr. Appelton. A copy of Mr. Kunstadt's email is enclosed as Ex. A hereto, and includes Mr. Spero's online notice as enclosure (No copy of such notice had been provided to BTR; it comes from the online gazette. *See* http://www.gazettes-online.co.uk/ViewGazetteDocument.aspx?src=search&atdocid=4647008&pg=1&GeoType=London&st=basic&all=bigtime).

"BigTime. TV Ltd." and provides what BTR now sees is not that company's address of record -- rather it is the address of record of the related company Bigtime TV Holdings Limited (Grampian House, Meridian Gate, 205 Marsh Wall, London E14 9YT) (where service of process was made on Mr. Spero, defendant's principal). Mr. Spero by his own admission is director and manager of both companies and now plans to continue the same business under the name "BigTime TV Holdings Limited". Importantly, that company itself was already identified by its company number in the Complaint herein. It seems that "BigTime TV Limited" was already interchangeably used as a D/B/A of "BigTime TV Holdings Limited".

Hence there is no reason to postpone the conference or delay discovery. Discovery will help ascertain more facts about defendant's corporate structure; and the proposed schedule will allow for timely joinder of parties if necessary.

BTR's counsel so informed BigTime's counsel (Vanessa Hew, Esq. and Greg Gulia, Esq.) by voicemail on January 15 but received no answer. Hence, BTR now submits a discovery plan by the deadline January 17, 2008 and respectfully request that the case schedule and protective order proposed herein be entered by the Court.

### Rule 26(f)(1)
### (initial disclosure)

Due to BigTime's lack of response, the parties did not agree on timing of their

initial disclosure obligations. BTR proposes that the parties exchange their respective initial disclosures on February 15, 2008, pursuant to Rule 26(a)(1)(A)-(D).

BigTime has asserted that the accused activity is covered by insurance. BTR requests that pursuant to Rule 26(a)(1)(D) BigTime must provide its insurance policy covering the insured claims as part of its initial disclosure. To date, BigTime has resisted such disclosure and Magistrate Judge Katz did not order BigTime to produce the alleged policy at the settlement conference, despite BTR's request to see it, and to have a representative of the insurer be present at the conference.

## Rule 26(f)(2)
### (discovery needed)

Substantive discovery on liability and damages will be pursued by BTR. BTR expects to need discovery of BigTime and third parties concerning its claim that BigTime knowingly infringed BTR's trademark; and on damages, to determine defendants' profits from the infringement.

BTR also expects to take third party and expert discovery on these issues.

BTR assumes that BigTime eventually will want to take discovery. The exact plans of BigTime are unknown since it did not respond -- it wants to delay discovery.

## Rule 26(f)(3)
### (limitations on discovery)

BTR does not consider that any changes or limitations in the discovery procedures are indicated at present.

## Rule 26(f)(4)
### (other orders under Rule 26(c) or Rule 16(b) and (c))

BTR expects the parties to be producing confidential proprietary and financial information and so it herewith submits (as Exhibit B) a draft Protective Order under Rule 26(c) for review and approval by the Court.

BTR submits that under Rule 16(b)(1-3), subject to approval of the Court, the case deadlines may be set according to the following schedule:

|  | **Proposed Deadline** |
|---|---|
| The period for fact discovery to close | July 15, 2008 |
| The deadline to serve expert reports | August 15, 2008 |
| The period for deposition of experts to close | September 15, 2008 |
| Deadline to join other parties and amend the pleadings | September 30, 2008 (subject to extension for good cause shown) |
| Deadline to file dispositive motions | October 2, 2008 |
| Deadline to submit joint pretrial order to Court (if no dispositive motions have been filed) | October 20, 2008 |

## Settlement

A settlement conference has been held before Magistrate Judge Katz without success. It seems that settlement is unlikely at this time, so discovery needs to proceed.

Dated: New York, New York  
      January 17, 2008

Respectfully submitted,

By: _____

Robert M. Kunstadt (RK-7230)  
Ilaria Maggioni (IM-7220)  
**R. KUNSTADT, P.C.**  
729 Seventh Avenue  
New York, New York 10019  
(212) 398-8881

Attorneys for Plaintiff Born To Rock Design Incorporated

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing:

REPORT RE DISCOVERY PLAN PURSUANT TO RULE 26(f)

has been served upon counsel for Defendant:

> Gregory P. Gulia, Esq.
> Vanessa Hew, Esq.
> Duane Morris LLP
> 1540 Broadway
> New York, New York 10168

by ECF and by hand, on January 17, 2008.

_____