EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BORN TO ROCK DESIGN
INCORPORATED,

    Plaintiff,

    v.

BIGTIME TV, LTD.,

    Defendant.

Civil Action No. 07-CV-6193
(JGK) (THK)
ECF Case

[DRAFT]

**PROTECTIVE ORDER**

**WHEREAS**, certain documents and information may be sought, produced or exhibited by and between the parties to the above-styled action (the "Action") that relate to the parties' financial information, competitive information, personnel information or other kinds of commercially sensitive information that the party making the production deems confidential; and

**WHEREAS**, the Court deems that a protective order preserving the confidentiality of certain documents and information should be entered; and

**WHEREAS**, the Court has reviewed the terms and conditions of this protective order submitted by Born To Rock Design Incorporated;

**IT IS HEREBY ORDERED THAT:**



1.    This Protective Order shall govern all documents, the information contained therein and all other information produced or disclosed during the Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Action (the "Supplying Party") to any other party (the "Receiving Party"), when the same is designated in accordance with the procedures set forth herein.  This Protective Order is binding upon the parties to the Action, including their respective corporate parents, subsidiaries and affiliates, and their respective attorneys, agents, representatives, officers, employees and others as set forth in this Protective Order.

2.    Subpoenaed third parties who so elect may avail themselves of the protections of this Protective Order and thereby become Supplying Parties for purposes of this Protective Order if they agree to be bound by its terms and conditions.

3.    Any Supplying Party shall, through counsel, have the right to identify and designate as "CONFIDENTIAL" any document or other materials it produces or provides (whether pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, pursuant to subpoena or by agreement between the Supplying Party(ies) and the Receiving Party(ies)), or any testimony given in this Action, which testimony or discovery material is believed by that Supplying Party to constitute, reflect or disclose its confidential and proprietary information (all of which is hereafter referred to as "Designated Material").

4.    "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the

Supplying Party, whether it is a document, thing, information contained in a document or thing, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed. In designating material as "CONFIDENTIAL," the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment under Fed. R. Civ. P. Rule 26(c)(7). Material that is available to the public, including advertising or promotional materials and the like, shall not be designated as "CONFIDENTIAL" unless Confidential Information is contained in the particular edition of such being designated.

5. Specific documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as "CONFIDENTIAL" by marking the first page of the document and each subsequent page thereof containing Confidential Information and any answer as follows:

**CONFIDENTIAL**

6. Any material produced or provided in the Action for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party. The Receiving Party shall bear the expense of such copying.

7. Information disclosed at a deposition taken in connection with this Action may be designated as "CONFIDENTIAL" by:

a. a Supplying Party (or its counsel) designating testimony, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s)

or any expert(s), as "CONFIDENTIAL" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

    b.    a Supplying Party (or its counsel) notifying all other parties in writing, within ten (10) calendar days of receipt of the transcript of a deposition, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s), of specific pages and lines of the transcript that are designated as "CONFIDENTIAL;" or

    c.    a Supplying Party (or its counsel) identifying testimony as "CONFIDENTIAL" in the fashion specified in either subparagraph (a) or subparagraph (b) above, which testimony was given by a Receiving Party or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s) and contains Designated Material designated by the Supplying Party.

Whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

    8.    Confidential Information shall be disclosed by the Receiving Party only to the following persons:

    a.    outside counsel employed by the Receiving Party to assist in the Action; the attorneys, paralegals, and stenographic and clerical employees in the respective law firms of such outside counsel; any in-house attorney of record in the

Action; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Action;

  b. one officer of the Receiving Party, responsible for directing conduct of the proceedings;

  c. the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Action; and

  d. stenographic employees and court reporters recording or transcribing testimony relating to the Action.

  9. Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Action shall use that Confidential Information only in connection with the prosecution or appeal of the Action and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 8 of this Protective Order.

  10. Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party designating the material as "CONFIDENTIAL" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

  11. Any party that is served with a subpoena or other notice by a non-signatory to this Protective Order compelling the production of any Designated Material

produced by another party is obligated to give immediate written notice to that original Supplying Party of such subpoena or other notice. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing the subpoena on grounds of confidentiality.

12. Counsel shall take all reasonable and necessary steps to ensure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in paragraph 8 of this Protective Order.

13. Prior to the disclosure of any Designated Material to any person identified in paragraph 8 above (other than the Court and its staff or any counsel of record), such person shall be provided with a copy of this Protective Order, which he or she shall read before signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. Outside counsel for the party obtaining such signed Certifications shall maintain a file of them and shall make the file available, upon request, for inspection by the Court in camera. Persons who come into contact with Designated Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

14. Any Supplying Party may redesignate under paragraphs 5 or 7 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; <u>provided, however</u>, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or

withdrawal).  Upon receipt of any such written redesignation, counsel of record shall (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the effect of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraph 8 above.

      15.    Any party may request at any time permission to disclose Designated Material to a person other than those permitted under paragraph 8 above (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the Supplying Party's counsel.  Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure and the reason(s) and purpose(s) therefor.  The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, facsimile transmission, or e-mail) within ten (10) calendar days of its receipt of such request.  If consent is withheld, the Supplying Party or its counsel shall state the reasons why it is withholding such consent.  Failure so to respond within such ten-day period shall constitute consent to the request.  If, where consent is withheld, the Requesting Party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as "CONFIDENTIAL" unless and until differing treatment is directed pursuant to order of the Court.

16. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier, facsimile transmission, or e-mail) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons why it made the designation. If the objecting party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion, it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. The material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

17. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's outside counsel from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon Designated Material, provided that in rendering such advice, outside counsel shall not disclose any other party's Designated Material, other than in a manner provided for in this Protective Order.

18. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the Supplying Party from redesignating said document or information as "CONFIDENTIAL" at a later date. Disclosure of said document or

information by any party prior to such later redesignation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraph 8 above.

19. The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this Action shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof. Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced. Such redesignation shall be effective only as of the date of such redesignation (and subject to all the other provisions hereof); provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraph 8 above. Notwithstanding the above, a party may retain its copies of such Redesignated Materials during the pendency of any motion challenging the redesignation so long as the motion is made within five days of receipt of notice of redesignation.

20. Except as agreed in writing by counsel of record, to the extent that any Designated Material is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be

designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Designated Material, shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Designated Material shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in sealed envelopes and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of this action and a general description of the sealed contents, and shall bear the following statement which shall also appear on the sealed envelope:

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

> Contents hereof are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

21. If Designated Material is used during depositions, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

22. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

23.   Upon the conclusion of the Action, including any appeals related thereto, at the written request and option of the Supplying Party all Designated Material and any and all copies thereof shall be returned within sixty (60) calendar days to the Supplying Party; provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Designated Material. Such retained work product and court-filed documents shall remain subject to the terms of this Protective Order. In the alternative, either the supplying party or the person receiving the Designated Material may elect to have the same destroyed. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written materials, and all copies thereof, relating to or containing Designated Material shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such Designated Material and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the Designated Material (except for attorney work product and court-filed documents as stated above), have been destroyed or delivered in accordance with the terms of this Protective Order.

24.   If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

25.   In the event of a proven willful violation of this Protective Order by any of the parties in this action or others designated in paragraph 8 hereof, all parties

acknowledge that the offending party or persons may be subject to sanctions determined in the discretion of the Court.

26. The foregoing provisions concerning confidentiality of Designated Material shall apply only to pre-trial proceedings and to matters provided in pre-trial discovery, and shall not affect the conduct of trial or of any hearing in open court. The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court upon motion or agreement of the parties.

27. Data produced in electronic form may be designated as Confidential Information or Restricted Information by marking the data storage medium with the appropriate legend set forth in paragraph 5. In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend. If the Receiving Party prints out electronic data which is Designated Material but which does not contain the appropriate legend on the print-out, the Receiving Party shall affix the appropriate legend to each page of such print-out.

28. Nothing contained in this Protective Order shall preclude any party from using its own Designated Material in any manner it sees fit, without prior consent of any party or the Court.

29. The terms of this Protective Order may be amended or modified by written agreement of the parties, or upon motion and order of the Court. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

30. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Dated: New York, New York, January____, 2008

So Ordered:

_____
U.S.D.J.

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BORN TO ROCK DESIGN INCORPORATED,

    Plaintiff,

v.

BIGTIME TV, LTD.,

    Defendant.

Civil Action No. 07-CV-6193
(JGK) (THK)
ECF Case

## CERTIFICATION

The undersigned hereby acknowledges that, having read the Protective Order filed in the above-captioned action on _____, 2008, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the Court and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
Date

_____
Name (typed or printed)

_____
Signature