

**DuaneMorris**
FIRM and AFFILIATE OFFICES

RECEIVED
JAN 17 2008
CHAMBERS OF
JUDGE JOHN G. KOELTL

NEW YORK
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
WESTCHESTER

GREGORY P. GULIA
DIRECT DIAL: 212-692-1027
E-MAIL: gpgulia@duanemorris.com

www.duanemorris.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/08

January 17, 2008

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
1/17/08

**BY FAX (212) 805-7912**

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
Room 1030
New York, NY 10007

Re:  **Born To Rock Design, Inc. v. BigTime TV Ltd. (Civil Action No. 07 Civ 6193) (JGK) (THK)**

Dear Judge Koeltl:

We submit this letter on behalf of Defendant BigTime TV, Ltd. ("BigTime TV" or "Defendant"). We are writing to the Court to respectfully request a thirty-day adjournment of the pre-trial conference scheduled for January 24, 2008 and the submission of the corresponding Rule 26(f) discovery plan.

The requested adjournment is sought on the grounds that Defendant BigTime TV recently initiated insolvency liquidation proceedings in the United Kingdom. As counsel for Defendant advised counsel for Plaintiff in a telephone call, counsel for Defendant has been advised that all powers of the former Director of BigTime TV, Ian Spero, have now ceased and that a liquidator has been appointed for BigTime TV. The Liquidator now possesses sole authority to make determinations in connection with the above-referenced litigation. The Liquidator has requested information regarding the pending litigation and the claims and defenses at issue therein. Counsel for Defendant provided this information to the Liquidator approximately one week ago. The Liquidator needs adequate time to review this information and make an appropriate determination regarding the merits of and strategy for this litigation and/or the resolution thereof. Accordingly, counsel for Defendant respectfully requests this adjournment while it awaits the Liquidator's determination and further instructions.

Counsel for Defendant called counsel for Plaintiff to request Plaintiff's consent to the adjournment. Although counsel for Plaintiff initially stated that Plaintiff would agree to the request contingent upon certain conditions, counsel for Plaintiff subsequently withdrew its offer

DuaneMorris

Honorable John G. Koeltl
January 17, 2008
Page 2

of consent stating that the liquidation proceedings should have no effect on the pending litigation. Plaintiff's counsel stated that they believe that an adjournment of the upcoming conference and submission of the Rule 26(f) discovery plan is unwarranted in light of the fact that a notice to Defendant's creditors indicates that Mr. Spero intends to carry on the business of BigTime TV under the name of Bigtime TV Holdings Limited.

    Defendant disagrees with Plaintiff's position. As stated above, the Liquidator possesses sole control and authority over BigTime TV Ltd. and its assets and thus exercises sole control with respect to the pending litigation. The Liquidator needs adequate time to complete his review and make an informed determination regarding the merits of and strategy for this litigation. Any conclusions regarding the purported intentions and/or activities of Mr. Spero at this point are not only wholly speculative, but entirely irrelevant to the issue of whether an adjournment is necessary for the Liquidator to complete his review of and make an informed determination regarding this case.

    Furthermore, the requested adjournment will not affect any other scheduled dates in this matter. Nor can the plaintiff demonstrate that the requested thirty-day adjournment will prejudice its rights in any way. No other requests for adjournment of the scheduled pre-trial conference and submission of a Rule 26(f) discovery plan have been made or granted.

    Thank you for your consideration of this request.

Respectfully submitted,

Gregory P. Gulia

cc:    Robert M. Kunstadt, Esq. (counsel for Plaintiff by fax)
       Ilaria Maggioni, Esq. (counsel for Plaintiff by fax)
       Vanessa C. Hew, Esq.